# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE BROOKS GROUP & ASSOCIATES, INC., : | CIVIL ACTION |
| Plaintiff : | |
| v. : | |
| WENDI LEVIGNE, *et al.*, : | |
| Defendants : | NO. 12-2922 |

## MEMORANDUM

CAROL SANDRA MOORE WELLS
Chief United States Magistrate Judge                              May 17, 2013

      Defendants' have filed a Motion to Compel Discovery (Document No. 28) and Plaintiff has responded to Defendants' Motion (Document No. 29). The Honorable Cynthia M. Rufe has referred the Motion to this court (Document No. 30). For the reasons provided herein, Defendants' Motion is denied.

      Defendants seek an order compelling Plaintiff to allow their computer expert to inspect Plaintiff's computer system, to learn: (1) how e-mails to and from Defendant Wendi Levigne's ("Levigne") non-Brooks Group e-mail accounts[1] came into Plaintiff's possession; (2) the extent to which Plaintiff disseminated these e-mails; and (3) if there are any additional e-mails from these accounts that Plaintiff has not already provided in discovery.[2] Mem. of Law in Supp. of Defs.' Mot. to Compel Disc. ("Def. Mot.") at [1-2].

      Plaintiff resists the motion on several grounds, including that: (1) all such e-mails have already been provided to Defendants; (2) the reason any e-mails to and from Levigne's non-Brooks Groups e-mail accounts are on the Brooks Group's servers is that, since at least since

---

[1] Levigne's non-Brooks Group e-mail accounts are: wendi.levigne@mac.com and wlv@nexusglobalsolution.com. Def. Mot. at [1-2].

[2] Defendants' expert describes the proposed inspection as follows: (1) taking a mirror image of Plaintiff's computer system; (2) searching Plaintiff's computer systems (e-mail, internet access and deleted files) by doing a keyword search for wendi.levigne@mac.com, wlv@nexusglobalsolution.com and any iterations thereof; (3) providing the results of the search to Plaintiff's counsel for review to insure that there are no privileged documents contained in the results; and (4) only upon agreement of Plaintiff's counsel, revealing the results to Levigne and her counsel. Def. Mot., Certification of Lacey Walker, Jr. at 4-5.

February 10, 2010, Levigne herself set up her Brooks Group e-mail account so that her non-Brooks Groups e-mails would be forwarded to her Brooks Group e-mail address; (3) Defendants' proposed inspection would expose Plaintiff's confidential and proprietary business information to Defendants' expert; (4) Defendants' proposed inspection would reveal Plaintiff's strategy for prosecuting its claims in this case; and (5) Defendants' proposed inspection would be extraordinarily expensive to Plaintiff. Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Compel Disc. ("Pl. Opp.") at 3-8. Defendants have not sought leave to file a reply, hence, they have not contested Plaintiff's representations.

Defendants' motion is denied for the reasons which follow. First, Defendants have failed to refute Plaintiff's supported representation[3] that Levigne herself set up her Brooks Group e-mail account so that her non-Brooks Groups e-mails would be forwarded to her Brooks Group e-mail address. This is a telling flaw, because Levigne could easily refute this assertion with her own affidavit, if it would be truthful to do so. Levigne's failure to do so leads this court to believe that she cannot, because she is the reason non-Brooks Group e-mails are located on the Brooks Group server.

Second, Plaintiff already has provided Defendants with the e-mails they have requested. Finally, contrary to Defendants' apparent belief, *see* Def. Mot. at [3] n.1, it is not routine for federal district courts to order forensic examinations of litigant's computer systems. Instead, this intrusion may be ordered as a sanction after a litigant has failed to preserve evidence, equivocally responded to discovery or otherwise resisted discovery. *See AMG Nat'l Trust Bank v. Ries*, Civ. A. Nos. 06-4337, 06-3061, 2011 WL 3099629, *5 (E.D. Pa. July 22, 2011) (Joyner, J.) (ordering a forensic examination of the defendant's computer as a sanction, because the defendant deleted

---

[3] Plaintiff supports its assertion with the certification of its computer expert. Pl. Opp., Certification of Paul Douglas Herrmann at [2-3].

2

files that were relevant to the plaintiff's claims); *Adhi Parasakthi Charitable, Educ. & Cultural Soc'y of N. Am.*, Civ. A. No. 09-1626, 2010 WL 1047894, *8 (E.D. Pa. Mar. 16, 2010) (Joyner, J.) (allowing the defendant's expert to inspect the plaintiff's computers to determine if responsive e-mails were still contained on the plaintiff's hard drives or servers, because the plaintiff had failed to deny that responsive e-mails may have existed at one time); *Bank of Mongolia v. M & P Global Fin. Serv., Inc.*, 258 F.R.D. 514, 519-22 (S.D. Fla. 2009) (ordering that an independent computer expert be appointed to examine the defendants' computers in an effort to retrieve any deleted files, responsive to Plaintiff's discovery requests, as a sanction for the defendants' failure to produce or to provide a reasonable explanation for failing to produce certain documents); *Square D. Co. v. Scott Electric, Co.,* Civ. A. No. 06-459, 2007 WL 3488809, *11 (W.D. Pa. Nov. 14, 2007) (ordering the defendant to submit to a forensic examination of its computer systems as a sanction for the defendant's civil contempt in failing to comply with prior discovery orders). At this time, there is no basis to sanction Plaintiff, particularly since the e-mails in question are on its server, because of Levigne's own conduct.

An implementing order follows.