IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE BROOKS GROUP & ASSOCIATES, INC., | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| WENDI LEVIGNE, *et al.*, | : | |
| Defendants | : | NO.  12-2922 |

### MEMORANDUM

CAROL SANDRA MOORE WELLS
Chief United States Magistrate Judge                                                          July 15, 2013

      Defendants have filed a Motion for Reconsideration (Document No. 36) of this court's May 17, 2013[1] Memorandum (Document No. 33) and Order (Document No. 34) denying their Motion to Compel (Document No. 28).  Plaintiff has responded (Document No. 37) to Defendants' Motion for Reconsideration and Defendants have filed a Reply thereto (Document No. 40).  For the reasons provided herein, Defendants' Motion for Reconsideration is denied.

      In their Motion to Compel, Defendants sought to require Plaintiff to allow their computer expert to inspect Plaintiff's computer system, to learn:  (1) how e-mails to and from Defendant Wendi Levigne's ("Levigne") non-Brooks Group e-mail accounts[2] came into Plaintiff's possession; (2) the extent to which Plaintiff disseminated these e-mails; and (3) if there are any additional e-mails from these accounts that Plaintiff has not already provided in discovery.[3]  Mem. of Law in Supp. of Defs.' Mot. to Compel Disc. ("Def. Mot.") at [1-2].

---

[1] Although the court filed and signed the Memorandum and Order on May 17, 2013, the Clerk of Court did not enter them and serve them on the parties until May 20, 2013.  Hence, the motion for reconsideration (filed on June 4, 2013) and the Memorandum in Support (filed on June 3, 2013) were timely.  Plaintiff's contrary argument, *see* Pl.s' Mem. of Law in Opp'n to Defs.' Mot. for Recons. at 2, lacks merit.

[2] Levigne's non-Brooks Group e-mail accounts are:  wendi.levigne@mac.com and wlv@nexusglobalsolution.com. Def. Mot. at [1-2].

[3] Defendants' expert described the proposed inspection as follows:  (1) taking a mirror image of Plaintiff's computer system; (2) searching Plaintiff's computer systems (e-mail, internet access and deleted files) by doing a keyword search for wendi.levigne@mac.com, wlv@nexusglobalsolution.com and any iterations thereof; (3) providing the results of the search to Plaintiff's counsel for review to insure that there are no privileged documents contained in the results; and (4) only upon agreement of Plaintiff's counsel, revealing the results to Levigne and her counsel. Def. Mot., Certification of Lacey Walker, Jr. at 4-5.

In the May 17 Memorandum ("Memorandum"), the court denied the motion for the following reasons. First, Levigne had failed to provide an affidavit to rebut Plaintiff's supported representation[4] that Levigne herself set up her Brooks Group e-mail account so that her non-Brooks Groups e-mails would be forwarded to her Brooks Group e-mail address. Memorandum at 2. Second, Plaintiff had already provided Defendants with the e-mails they had requested. *Id.* Finally, the court identified authority which refuted Defendants' argument that the sort of forensic examination of Plaintiff's computer system which they sought was routinely ordered in discovery. *Id.* Instead, the court cited authority which indicates that such forensic examination is ordered as a sanction, after a party has engaged in improper conduct, such as destroying relevant evidence, failing to comply with or respond to discovery, or failing to comply with the court's discovery orders. *Id.* at 2-3.

Defendants move for reconsideration based upon the following reasons. First, they maintain that this court made a clear error of fact by finding that Levigne herself had forwarded her non-Brooks Group e-mails to her Brooks Group e-mail address. Mem. of Law in Supp. of Defs.' Mot. for Recons. ("Recons. Mem.") at [3]. To support this contention, Levigne has provided a Certification, wherein she denies that she took any action to forward her non-Brooks Group e-mails to her Brooks Group e-mail address. Recons. Mem., Certification of Wendi Levigne at 2. Second, Defendants maintain that their motion to compel was not based upon any allegation that Plaintiff failed to comply with any discovery obligation. Recons. Mem. at [5]. Instead, they argue that the forensic examination they seek is necessary for them to prove their claims against Plaintiff, hence, they are entitled to obtain this form of discovery. *Id.* at [5]-[6].

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact

---

[4] Plaintiff supported its assertion with the certification of its computer expert. Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Compel Disc., Certification of Paul Douglas Herrmann at [2-3].

2

or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party can show at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [ruled previously]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). Where evidence is not newly discovered, a party may not submit it in support of a motion for reconsideration. *Harsco*, 779 F.2d at 909. That is, newly discovered evidence "does not refer to evidence that a party obtains or submits after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Howard Hess*, 602 F.3d at 252.

Defendants cannot obtain reconsideration based upon Levigne's Certification. That evidence was available to Defendants when they filed the motion to compel. Defendants' failure to submit Levigne's Certification at that time means that it is not newly discovered evidence. *See Harsco*, 779 F.2d at 909 (finding that a party's affidavit would not be considered as a basis for reconsideration, since it could have been presented prior to the court's original ruling).

Defendants have also failed to identify any intervening change in the controlling law. Hence, they cannot obtain reconsideration based on this ground either.

Despite having no new evidence or identifying no change in the governing law, Defendants assert that this court committed clear, manifest errors. First, Defendants assert this court erred by finding that Plaintiff had supported its assertion that Levigne herself had set up her Brooks Group e-mail account so that her non-Brooks Groups e-mails would be forwarded to her Brooks Group e-mail address. Recons. Mot. at [4]. However, the certification of Plaintiff's

expert, Paul Douglas Herrmann ("Herrmann"), does support this assertion.  Herrmann states that: (1) scores of e-mails addressed solely to the wendi.levigne@mac.com account were on Plaintiff's server from February 10, 2010; (2) e-mails from the wendi.levigne@mac.com account were on Plaintiff's server from as far back May 14, 2010; (3) the wlv@nexusglobalsolution.com account was being used through Plaintiff's server since February 23, 2011; (4) Levigne continued to utilize Plaintiff's server through February 13, 2012; (4) internet service provider records from October 31, 2011 through September 12, 2012 reveal that (a) the only failed attempts to make changes to Levigne's account originated from IP addresses in China and (b) the other accesses to her account originated from IP addresses in California, where Levigne resides. Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Compel Disc., Certification of Paul Douglas Herrmann at [2-3].[5]  Hence, it was not clearly or manifestly erroneous to find that there is support in Herrmann's Certification for Plaintiff's assertion concerning Levigne's conduct.

Second, Defendants assert that "the authority cited in the Court's [original] decision is misplaced."  Recons. Mem. at [6].  This court does not agree.  The authority this court cited in the May 17 Memorandum demonstrates that it is not routine for federal district courts to order forensic examinations of a litigant's computer systems.  Instead, this intrusion may be ordered as a sanction after a litigant has failed to preserve evidence, equivocally responded to discovery or otherwise resisted discovery.  *See* Memorandum at 2.  Defendants' assertion that the authority the court cited is misplaced is surprising since two of the cases the court cited as authority – *Adhi Parasakthi Charitable, Educ. & Cultural Soc'y of N. Am.*, Civ. A. No. 09-1626, 2010 WL 1047894, *8 (E.D. Pa. Mar. 16, 2010) (Joyner, J.) and *Bank of Mongolia v. M & P Global Fin. Serv., Inc.*, 258 F.R.D. 514, 519-22 (S.D. Fla. 2009) – are ones that Defendants themselves cited

---

[5] The notation [2–3] refers to unnumbered pages 2 through 3 of Herrmann's Certification, not paragraphs 2 and 3 of his Certification.

4

in support of their motion to compel.  *See* Def. Mot. at [3] & n.3.  Defendants' motion for reconsideration and their reply brief offer no legal authority[6] to demonstrate that the court was incorrect, let alone clearly or manifestly incorrect, in determining the germane principle of law from the cases cited.  Indeed, Defendants admit that they do not allege any "discovery violations by Brooks."  Recons. Mot. at [5].  Hence, this court believes that it was correct to deny Defendants' motion to compel.  If Defendants later uncover discovery violations by Plaintiff concerning the information at issue, then it may be appropriate to provide Defendants the relief they sought in their motion to compel.  That time is not now.

    An implementing Order follows.

---

[6] The only cases Defendants cited in the motion for reconsideration concern the proper standard governing a motion for reconsideration.  *See* Recons. Mem. at [3].  The only case cited in the reply is one from 1953, well before computers were in common use and well before e-mail even existed.  *See* Reply to Pl.'s Opp'n to Defs.' Mot. for Recons. at 2.